JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 22-602 JGB (SPx)** | Date | June 7, 2022 |
|---|---|---|---|
| Title | *Geoffrey Kinzel v. RLS-CMC, Inc., et al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **Order (1) GRANTING IN PART Plaintiff's Motion to Remand (Dkt. No. 7); and (2) VACATING the June 13, 2022 Hearing (IN CHAMBERS)**

Before the Court is Plaintiff Geoffrey Kinzel's ("Kinzel") motion to remand and for sanctions. ("Motion," Dkt. No. 7.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering all papers filed in support of and in opposition to the Motion, the Court GRANTS IN PART the Motion and VACATES the June 13, 2022 hearing.

## I.    BACKGROUND

On April 13, 2021, Mr. Kinzel filed a putative class action in the Superior Court of California for the County of Riverside against Defendants RLS-CMC, Inc. ("RLS-CMC") and Does 1 through 20, asserting wage and hour claims under California law. ("Complaint," Dkt. No. 1-1.) On August 19, 2021, Mr. Kinzel filed a first amended complaint against RLS-CMC to assert claims under the Private Attorneys General Act ("PAGA"). ("FAC," Dkt. No. 1-3.) On March 18, 2022, Mr. Kinzel filed amendments to the FAC, naming Roger Lee Sanchez and Jasmine Bormann as Does 11 and 12, respectively. ("Amendments to FAC," Dkt. Nos. 1-4, 1-5.)

On April 8, 2022, Defendants RLS-CMC, Mr. Sanchez, and Ms. Bormann (collectively, "Defendants") removed the action. ("Notice of Removal," Dkt. No. 1.)

On May 9, 2022, Mr. Kinzel filed the instant Motion. (See Mot.) In support, he filed the declaration of Peter Carlson. ("Carlson Declaration," Dkt. No. 7-1.)

Defendants opposed on May 16, 2022.  (Dkt. No. 9.)  In support, they filed the declaration of M. Danton Richardson.  ("Richardson Declaration," Dkt. No. 9-1.)

On May 20, 2022, Mr. Kinzel replied.  (Dkt. No. 10.)  He also filed evidentiary objections to the Richardson Declaration.  ("Objections," Dkt. No. 11.)  The Court considers these objections only where necessary.  All other objections are OVERRULED AS MOOT.

## II.   LEGAL STANDARD

### A.  Motion to Remand

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute."  Gunn v. Minton, 568 U.S. 251, 256 (2013).  A defendant may only remove civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332.

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  Jackson v. Specialized Loan Serv., LLC, 2014 WL 5514142, *6 (C.D. Cal. Oct. 31, 2014).  A court "must resolve all material ambiguities in state law in plaintiff's favor" on a motion to remand.  Macey v. Allstate Prop. & Cas. Ins. Co., 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002).  "When there are real ambiguities among the relevant state law authorities, federal courts that are considering motions to remand should avoid purporting to decide how state courts would construe those authorities.  Id. at 1118.  Similarly, "[d]oubt arising from inartful, ambiguous, or technically defective pleadings should be resolved in favor of remand."  Charlin v. Allstate Ins. Co., 19 F. Supp. 2d 1137, 1140 (C.D. Cal. 1998).

Where an action is removed based on diversity, complete diversity must exist at the time of removal.  Gould v. Mut. Life Ins. Co. of N.Y., 790 F.2d 769, 773 (9th Cir. 1986).  Complete diversity means "each defendant must be a citizen of a different state from each plaintiff."  In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1234 (9th Cir. 2008).  "[T]he sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."  28 U.S.C. § 1446(c)(2).  "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold."  Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).  Though a notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, when the amount in controversy is contested, "both sides submit proof and the court decides, by a

---

Case 5:22-cv-00602-JGB-SP   Document 14   Filed 06/07/22   Page 3 of 4   Page ID #:223

preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 82 (2014).

### III.   DISCUSSION

Mr. Kinzel moves to remand this action, arguing that the amount in controversy is less than $75,000.00. (See Mot.)  He also requests that the Court impose sanctions of $4,140.00 on Defendants and their counsel and that they be jointly and severally liable. (Id. at 10–12.) Defendants contend that the jurisdictional threshold amount has been met. (See Opp'n.)  They do not address Mr. Kinzel's request for sanctions.

### A.  Procedural Sufficiency of Removal

The Court first considers whether Defendants' removal was procedurally sound. "The notice of removal … shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading."  28 U.S.C. § 1446(b)(1).  Here, RLS-CMC was served with the Complaint on April 29, 2021. (Dkt. No. 1-6 at 2.)  Mr. Sanchez was served a copy of the Amendments to the FAC on March 24, 2022, and Ms. Bormann was served a copy of the same document on April 6, 2022. (NOR ¶¶ 4–5.)  Because Defendants removed on April 8, 2022, within thirty days of service on all Defendants, removal was timely.

### B.  Amount in Controversy

The FAC does not allege specific damages amounts.  The NOR states, without any support, that "the amount in controversy exceeds $75,000." (NOR ¶¶ 9, 13.)

In the Opposition, Defendants claim that Mr. Kinzel's damages are as follows:

| | |
|---|---|
| • Wages: | $5,318.75 |
| • Total Annual Interest to Date: | $571.22 |
| • Waiting Time Penalty: | $7,800.00 |
| • Meal and Rest Break Penalties: | $4,550.00 |
| • Inaccurate Wage Statements: | $7,812.50 |
| • Attorneys' Fees: | $40,734.10 |
| • Future Attorneys' Fees: | $19,070.50 |
| • **TOTAL:** | **$85,857.07** |

(Opp'n at 13–14.)

However, Defendants' estimates are wholly unsubstantiated. (See Reply.)  Defendants primarily rely on Mr. Kinzel's purported attorneys' fees of $59,804.60 to claim that the action meets the jurisdictional threshold.  Yet, they base their calculations entirely on the assumption that "Plaintiff's counsel [had] incurred fees similar to those for Defendants." (Richardson Decl. ¶ 4.iv.)  Even if the Court assumed this to be true, this statement alone is insufficient to prove

Page 3 of 4                    CIVIL MINUTES—GENERAL                    Initials of Deputy Clerk MG

that Mr. Kinzel's attorneys' fees more likely than not comport to Defendants' representations. Defendants have not submitted any "summary-judgment-type evidence" in support of this calculation. <u>Fritsch v. Swift Transp. Co. of Ariz., LLC</u>, 899 F.3d 785, 795 (9th Cir. 2018).

Similarly, Defendants' only evidence of the wage and penalty calculations is the Richardson Declaration. But Mr. Richardson, who is Defendants' counsel, fails to provide the foundation for his calculations of Mr. Kinzel's wages. (<u>See</u> Richardson Decl.) Nor does he offer any support for the various assumptions included in his calculations. Accordingly, the Court concludes that Defendants fail to meet their burden of proving that removal was proper.[1] The Court GRANTS the Motion with respect to the request for remand.

## C.  Sanctions

Mr. Kinzel argues that Defendants' removal was frivolous and asks the Court to sanction Defendants and their counsel in the amount of $4,140.00—the attorneys' fees his counsel incurred to prepare and file the instant Motion. (Mot. at 11–12.) The Court will not do so.

"An order remanding a removed case to state court 'may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.'" <u>Martin v. Franklin Capital Corp.</u> 546 U.S. 132, 134 (2005) (quoting 28 U.S.C. § 1447(c)). The decision to award such fees is "left to the district court's discretion." <u>Id.</u> at 139. Here, the Court finds that the circumstances do not justify sanctions. Because neither the Complaint nor FAC specifies an amount in controversy, the right to remove is not "obvious." <u>Id.</u> at 140. While Defendants have failed to prove that they have a right to a federal forum in this case, "incorrectly invoking a federal right is not comparable to violating substantive federal law." <u>Id.</u> at 137. Accordingly, the Court DENIES Mr. Kinzel's request for sanctions in the amount of his attorneys' fees.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART the Motion and REMANDS the case to the Superior Court of California for the County of Riverside. The Court DENIES Mr. Kinzel's request for sanctions. The June 13, 2022 hearing is VACATED. The Clerk of the Court is directed to close the case.

**IT IS SO ORDERED.**

---

[1] Mr. Kinzel's refusal to stipulate that the amount in controversy is less than $75,000.00 is inconsequential. (Opp'n at 10.) The burden lies with Defendants—not Mr. Kinzel—to prove the amount in controversy, so Mr. Kinzel had no obligation to stipulate.